## No. 3268.

### The Widow and Heirs of Jean Pardo *v.* A. A. Pardo.

The widow and heirs of Jean Pardo claim a house and lot, formerly belonging to A. A. Pardo, on which the deceased had a mortgage, and which, in 1858, he bought at an auction sale ordered by the Second District Court under insolvent proceedings in consequence of the bankruptcy of A. A. Pardo, the defendant in this case, who was, however, permitted by the purchaser to retain possession of the property.

The defense set up that the price paid for the property was money which the deceased was owing to defendant, is utterly without foundation.

The defendant, in the face of the schedule which he filed in bankruptcy as syndic of his creditors, and which is verified by his own oath, can not be heard setting up an account against his brother extending back to 1840, eighteen years previous to his insolvency and which is not mentioned in the schedule. He is estopped from denying the truth of his oaths and judicial admissions in the insolvent proceedings.

If the account aforesaid was a valid claim, it should have been put on the schedule as an asset of the insolvent. If he colluded with his brother in suppressing this claim and allowing him to carry off the property as first mortgage creditor, this court will not aid him in seeking to derive a benefit from the fraud.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Hays & New*, for plaintiffs and appellees. *Armand Pitot* and *E. Bermudez*, for defendant and appellant.

WYLY, J. In March, 1858, A. A. Pardo mortgaged his house and lot on Royal street to his brother, Jean Pardo, for $6145 72..

In September following, A. A. Pardo filed his petition for the sur-

render of his property under the insolvent laws in the Second District Court, placing on the schedule, verified by his oath, this debt due his brother for $6145 72.

On twenty-seventh November, 1858, the property upon which Jean Pardo had a mortgage was sold by order of the Second District Court under the insolvent proceedings, and he became the purchaser for the price of $5600.

In February, 1859, the account of A. A. Pardo, syndic of his creditors, was homologated by the Second District Court. On this account he placed Jean Pardo as first mortgage creditor, entitled to receive assets amounting to $5079 15. After the death of Jean Pardo, his widow and heirs brought this suit for the property acquired by him at the adjudication under the insolvent proceedings, A. A. Pardo having retained possession since said sale. The answer admits the purchase in the name of Jean Pardo, but avers that said purchase was made for the benefit of defendant, and that the price was paid by the money which the deceased became indebted for to the defendant, and that the title was to be transferred to him upon settlement of their affairs. The defendant sets up, as the basis of an equitable demand against his deceased brother, Jean Pardo, a claim of $25,000, consisting mainly of items or charges for the board and lodging of various members of his brother's family during a period of over a quarter of a century. He alleges he did not as a merchant keep an account current with his brother, and if he had not become poor after helping his brother to a better fortune, he might not and he would not have demanded settlement; but being obliged to go into insolvency, although he did not consider his brother as a regular debtor, whose account was to be surrendered, he expected his brother, as he had helped him out before and entertained his family for so many years, to do something for his (defendant's) minor children, by purchasing the property in which he lived and passing the title to him afterwards.

Respondent further alleges that his account against Jean Pardo was prescribed as far as creditors could be interested therein, but the debt was a just one, exceeding by thousands of dollars the paltry price of $4600 paid for the house, and it was an act of justice that the deceased should do for his brother, in a small proportion, what that brother had done for him.

The court gave judgment for the plaintiffs, and the defendant appeals.

In this case we see no legal ground upon which the defendant can succeed. He is estopped from denying the truth of his oaths and judicial admissions in the insolvent proceedings. He can not be heard to deny that his brother was his mortgage creditor for $6145 72, and

that the consideration of the purchase of the property in controversy was part of the sum accorded by him as syndic to Jean Pardo as first mortgage creditor.

The defense, then, that the price paid for the property was money which the deceased was owing the defendant, is utterly without foundation. In the face of the schedule filed by the defendant and verified by his oath, he can not be heard setting up an account against his brother extending back to 1840, eighteen years prior to his insolvency. If that account was a valid claim it should have been put on the schedule as an asset of the insolvent. If he colluded with his brother in suppressing this claim and allowing him to carry off the property as first mortgage creditor, this court will not aid him in seeking to derive a benefit from the fraud.

The defense is utterly without merit.

Judgment affirmed.